## LEWIS MOYE *v.* THE STATE.

FRAUDULENT DISPOSITION OF MORTGAGED PROPERTY. — By art. 797 of the Penal Code it is made felony for any person who has given "any mortgage, deed of trust, or other lien, in writing," upon any personal or movable property, to remove the property out of the State, or to sell, or otherwise dispose thereof, with intent to defraud the encumbrancer. An indictment based on this article must allege that the mortgage or other lien was in writing, and that the injured party was the holder of the lien.

APPEAL from the District Court of Navarro. Tried below before the Hon. D. M. PRENDERGAST.

The case is sufficiently stated in the opinion.

*W. Croft,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J. By the law in force at the time when the indictment was found, and when the offence charged is alleged to have been committed, as well as at the date of the trial, it is declared that, "if any person has given, or shall hereafter give, any deed of trust, or other lien, in writing, upon any personal or movable property, and shall remove

the same, or any part thereof, out of the State, or shall sell or otherwise dispose of the same, with intent to defraud the person having such lien, either originally or by transfer, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years." Orig. Penal Code, art. 773. The article in the Revised Penal Code is the same as the original, except that the word *mortgage* is inserted before " deed of trust ; " otherwise the two articles are identical, both as to the constituents of the offence as well as the punishment. Rev. Penal Code, art. 797. The gist of the offence consists in removing personal or movable property out of the State, or selling or otherwise disposing of the same, with intent to defraud the person having such lien, either originally or by transfer. The character or situation of such personal or movable property, the removal, sale, or other disposition of which is prohibited by law, is defined by statute to be personal or movable property upon which the party chargeable and liable to the penalty denounced has given " a deed of trust, or other lien, in writing," by the original Code, or by the Revised Code, upon which he has given " any mortgage, deed of trust, or other lien, in writing."

The indictment upon which the appellant was tried and convicted charges that the accused, at the date of the alleged commission of the offence, " then and there having a valid and subsisting mortgage upon the said wagon and the said cotton-crop," etc. It is not averred or alleged in the indictment that the valid and subsisting mortgage was in writing, or that the persons it is averred the defendant intended to defraud by the sale of the property had any valid and subsisting mortgage, deed of trust, or other lien, in writing, upon the property the defendant is charged with having sold.

Because the indictment fails to charge that the mortgage, deed of trust, or other lien, was in writing, it fails to charge and describe the offence which the law denounces, and is therefore defective and insufficient to support a conviction,

and on this account the judgment must be reversed ; and without consuming time to consider the other errors complained of, the case will be remanded for such further proceedings as the law may provide for.

*Reversed and remanded.*